FILED - GR
February 11, 2010 3:39 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald_/_

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **George Wood** and **Debbie Wood**, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | Hon. | **1:10-cv-135** |
| v. ) | | **Paul L Maloney** |
| ) | | **Chief U.S. District Judge** |
| **Nelson, Watson & Associates,** ) | | |
| **LLC,** a Massachusetts limited ) | | |
| liability company, ) | | |
| ) | | |
| Defendant. ) | | |

**Complaint**

**I.  Introduction**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.  Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the events took place here.

**III.  Parties**

3. Plaintiff George Wood is a natural person residing in Kent County, Michigan. Mr. Wood is the husband of plaintiff Debbie Wood. Mr. Wood is a "person" as the term is defined and/or used in the FDCPA. Mr. Wood is a "person" as the term is defined and/or used

1

in the MOC. Mr. Wood is a "person" as the term is defined and/or used in the TCPA.

4. Plaintiff Debbie Wood is a natural person residing in Kent County, Michigan. Mrs. Wood is the wife of plaintiff George Wood. Mrs. Wood is a "person" as the term is defined and/or used in the FDCPA. Mrs. Wood is a "person" as the term is defined and/or used in the MOC. Mrs. Wood is a "person" as the term is defined and/or used in the TCPA.

5. Defendant Nelson, Watson & Associates, LLC ("Nelson") is a Massachusetts limited liability company. Nelson applied for and received a Certificate of Authority to Transact Business in Michigan for the express purpose of "debt collections." The registered agent for Nelson in Michigan is National Registered Agents, Inc., 712 Abbott Road, East Lansing, Michigan 48823. Nelson uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Nelson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Nelson is a "debt collector" as the term is defined and/or used in the FDCPA. Nelson is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC. Nelson is a "person" as the term is defined and/or used in the TCPA

IV. Facts

6. Fred Stark is the former son-in-law of George Wood and Debbie Wood. Mr. Stark and the Woods daughter were divorced more than three years ago.

7. Upon information and belief, Mr. Stark had a credit account which he used to purchase goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

8. The original creditor later claimed that Mr. Stark did not pay the debt in full

2

and that the account was in default..

9. The original creditor or an assignee of the original creditor hired Nelson to collect the debt from Mr. Stark.

10. Alternatively, Nelson purchased the account and related debt after Mr. Stark was in default.

11. Mr. Stark does not reside with the Woods.

12. Mr. Stark has never resided with the Woods.

13. Mr. Stark does not share a telephone number with the Woods.

14. Mr. Stark has never shared a telephone number with the Woods.

15. The Woods are not obligated in any way to pay any debt owed by Mr. Stark.

16. On or about January 30, 2010 at approximately 10:57 a.m., a Nelson employee called the Woods' home telephone and spoke with Mrs. Wood. The Nelson employee asked to speak to Fred Stark. Mrs. Wood stated that Fred Stark did not reside at that address and that Nelson had the wrong telephone number. The Nelson employee became angry and belligerent and continued to demand that Mrs. Wood provide information regarding Mr. Stark. Mrs. Wood repeatedly stated that Mr. Stark did no reside at that address and that Nelson had the wrong telephone number. Eventually, Mrs. Wood terminated the conversation.

17. On or about February 1, 2010 at approximately 6:29 p.m., a Nelson employee called the Woods' home telephone and spoke with Mrs. Wood. The Nelson employee asked to speak to Fred Stark. Mrs. Wood stated that Fred Stark did not reside at that address and that Nelson had the wrong telephone number. Mrs. Wood demanded that Nelson stop calling.

18. On or about February 2, 2010 at approximately 9:59 a.m., a Nelson employee

called the Woods' home telephone and spoke with Mr. Wood. The Nelson employee asked to speak to Fred Stark. Mr. Wood stated that Fred Stark did not reside at that address and that Nelson had the wrong telephone number. Mr. Wood demanded that Nelson stop calling. Eventually, Mr. Wood terminated the conversation.

19. On or about February 3, 2010 at approximately 12:57 p.m., a Nelson employee called the Woods' home telephone. The Woods saw the Nelson telephone number on their caller ID and did not answer the call.

20. On or about February 8, 2010 at approximately 7:28 p.m., a Nelson employee called the Woods' home telephone. The Woods saw the Nelson telephone number on their caller ID and did not answer the call.

21. On or about February 9, 2010 at approximately 9:40 a.m., a Nelson employee called the Woods' home telephone. The Woods saw the Nelson telephone number on their caller ID and did not answer the call.

22. On or about February 10, 2010 at approximately 1:05 p.m., a Nelson employee called the Woods' home telephone and spoke with Mr. Wood. The Nelson employee asked to speak to Fred Stark. Mr. Wood stated that Fred Stark did not reside at that address and that Nelson had the wrong telephone number. The Nelson employee became angry and belligerent and repeatedly accused Mr. Wood of being Mr. Stark and lying about his identity. Mr. Wood demanded that Nelson stop calling. Eventually, Mr. Wood terminated the conversation.

23. The FDCPA states that a debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

4

24. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

25. The FDCPA states that a debt collector seeking location information from a person shall "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." 15 U.S.C. § 1692b(3).

26. The FDCPA states that "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" is a violation of the FDCPA. 15 U.S.C. § 1692d(5).

27. Nelson was required to cease telephone calls to the Woods after the January 30, 2010 telephone conversation in which Mrs. Wood told the Nelson employee that Fred Stark did not reside at that address and that Nelson had the wrong telephone number.

28. The acts and omissions of Nelson and its employees, done in connection with telephoning and communicating with the Woods, were done wilfully.

29. Nelson and its employees wilfully violated the FDCPA.

30. Nelson and its employees wilfully violated the MOC.

31. As an actual and proximate result of the acts and omissions of defendant, plaintiffs have suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which they should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

32. Plaintiffs incorporate the foregoing paragraphs by reference.

33. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692b;

   b) Defendant violated 15 U.S.C. § 1692c;

   c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiffs seek judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

34. Plaintiffs incorporate the foregoing paragraphs by reference.

35. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, by repeatedly causing a telephone to ring and/or by repeatedly engaging a person in telephone conversation; and

b) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiffs demand trial by jury.

Dated: February 11, 2010

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiffs
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com